IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. PREZIOSI, | No. 2:20-cv-01163-PLD |
| Plaintiff, | |
| | Magistrate Judge Dodge |
| vs. | |
| DAVID MANSBERRY, SCI-Greene Facility Manager; KELLEY FALCIONE, SCI-Greene Psychological Services Associate; CHARLES FOWLER, SCI-Greene Corrections Officer; and CO JOHNSON, SCI-Greene Corrections Officer, | |
| | *Electronically Filed.* |
| Defendants. | |

## JOINT PROPOSED JURY INSTRUCTIONS

AND NOW, come the Parties, through their respective undersigned counsel, and submit the following Joint Proposed Jury Instructions:

### Brief Statement of the Claims and Defenses

Plaintiff, Daniel J. Preziosi, filed this lawsuit, claiming that the Defendants, David Mansberry, Kelly Falcione, Charles Fowler and Brett Johnson, violated his rights under the Eighth Amendment by failing to protect him from an assault by his cellmate in August of 2019, while he was confined at the State Correctional Institution at Greene. The Defendants deny any wrongdoing.

### I. ADDITIONS TO GENERAL INSTRUCTIONS

#### *MULTIPLE DEFENDANTS*

There are four Defendants in this case. You must give separate consideration to each Defendant. Although there are four Defendants, it does not follow that if one is liable, any other Defendant is also liable. You must make a determination of liability as to each Defendant based on the evidence that was presented to you.

1

*Source*: Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)(In an action brought pursuant to Section 1983, a defendant must have "personal involvement in the alleged wrongs" to be liable).

***THIS PROPOSED INSTRUCTION IS AGREED UPON BY THE PARTIES.***

***PREPONDERANCE OF THE EVIDENCE***

This is a civil case. Plaintiff, Daniel Preziosi, is the party that brought this lawsuit. Defendants Mansberry, Falcione, Fowler and Johnson are the party against whom the lawsuit was filed. Plaintiff has the burden of proving [his/her/its] case by what is called the preponderance of the evidence. This means Plaintiff Daniel Preziosi has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Plaintiff and the evidence favorable to the Defendants on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on his side. If Plaintiff fails to meet this burden, the verdict must be for the defendants. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

*Source*: Third Circuit Model Civil Jury Instructions
1.10 Preliminary Instructions—Preponderance of the Evidence

*THIS PROPOSED INSTRUCTION IS AGREED UPON BY THE PARTIES.*

## II. SECTION 1983/EIGHTH AMENDMENT

### *SECTION 1983*

The plaintiff's claims are brought pursuant to Section 1983 of the Civil Rights Act. You are instructed that the federal civil rights statute under which the Plaintiff sues, 42 United States Code Section 1983, provides that a person may seek relief in this Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges or immunities secured or protected by the Constitution or laws of the United States.

In order to prove his claim, therefore, Plaintiff must prove both of the following elements by a preponderance of the evidence:

*First*: that the Defendant acted under color of state law.

*Second*: While acting under color of state law, that the Defendant deprived Plaintiff of a federal constitutional right.

I will now give you more details on action under color of state law, after which I will tell you the elements Plaintiff must prove to establish the violation of his federal constitutional right.

*Source*: Third Circuit Model Civil Jury Instructions
4.3 Section 1983–Elements of Claim

*THIS PROPOSED INSTRUCTION IS AGREED UPON BY THE PARTIES.*

### *COLOR OF STATE LAW*

The first element of Plaintiff's claim is that the Defendant acted under color of state law. This means that Plaintiff must show that the Defendant was using power that he possessed by virtue of state law.

A person can act under color of state law even if the act violates state law. The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state.

By "state law," I mean any statute, ordinance, regulation, custom or usage of any state. And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies.

Source: Third Circuit Model Civil Jury Instructions
4.4 Section 1983–Action under Color of State Law

**THIS PROPOSED INSTRUCTION IS AGREED UPON BY THE PARTIES.**


Because the Defendants were officials of the state of Pennsylvania at the relevant time, I instruct you that they were acting under color of state law. In other words, this element of Plaintiff's claim is not in dispute, and you must find that this element has been established.

*Source*: Third Circuit Model Civil Jury Instructions
4.4.1 Section 1983–Action under Color of State Law–Action under Color of State Law Is Not in Dispute–Version A (government official)

**THIS PROPOSED INSTRUCTION IS AGREED UPON BY THE PARTIES.**


### EIGHTH AMENDMENT

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. This has been held to protect inmates from violence at the hands of other prisoners.

*Source*: Third Circuit Model Civil Jury Instructions
4.11.3 Section 1983 – Conditions of Confinement–Convicted Prisoner–Failure to Protect from Attack

**THIS PROPOSED INSTRUCTION IS AGREED UPON BY THE PARTIES.**

## *FAILURE TO PROTECT*

In this case, Plaintiff claims that the Defendants failed to protect him from an assault by his cellmate on August 21, 2019.

Prison officials have a duty to protect inmates from violence at the hands of other prisoners. In this case, Plaintiff claims that each of the Defendants violated the Eighth Amendment to the United States Constitution by showing deliberate indifference to a substantial risk of serious harm to Plaintiff. Specifically, Plaintiff claims that as a result of the Defendants' deliberate indifference, he was assaulted by his cellmate.

In order to establish his claim for violation of the Eighth Amendment, Plaintiff must prove each of the following three things by a preponderance of the evidence:

First: There was a substantial risk of serious harm to Plaintiff –namely, a substantial risk that Plaintiff would be attacked by his cellmate.

Second: That the Defendant was deliberately indifferent to that risk.

Third: Plaintiff would have suffered less harm if the Defendants had not been deliberately indifferent.

I will now proceed to give you more details on the second of these three requirements. To show deliberate indifference, Plaintiff must show that the Defendants knew of a substantial risk that Plaintiff would be attacked by his cellmate, and that that the Defendants disregarded that risk by failing to take reasonable measures to deal with it.

Plaintiff must show that the Defendant actually knew of the risk. Plaintiff need not prove that the Defendant knew precisely which inmate would attack Plaintiff, so long as Plaintiff shows that the Defendant knew there was an obvious, substantial risk to Plaintiff's safety.

If a prison official knew of facts that he or she *strongly* suspected to be true, and those facts indicated a substantial risk of serious harm to an inmate, the official cannot escape liability merely because he or she refused to take the opportunity to confirm those facts. But keep in mind that mere carelessness or negligence is not enough to make an official liable. It is not enough for Plaintiff to show that a reasonable person would have known, or that any Defendant should have known, of the risk to Plaintiff. Plaintiff must show that the Defendant actually knew of the risk.

If Plaintiff proves that there was a risk of serious harm to him and that the risk was obvious, you are entitled to infer from the obviousness of the risk that a defendant knew of the risk. However, the Defendant claims that even if there was an obvious risk, he or she was unaware of that risk. If you find that any Defendant was unaware of the risk, then you must find that he or she was not deliberately indifferent.

*Source*: Third Circuit Model Civil Jury Instructions
4.11.3 Section 1983 – Conditions of Confinement–Convicted Prisoner–
Failure to Protect from Attack

***THIS PROPOSED INSTRUCTION IS NOT AGREED UPON BY THE PARTIES.***
*Plaintiff objects to the inclusion of the word "strongly" in this sentence. However, this word is included in the Third Circuit's Model Civil Jury Instructions and Defendants believe it is an accurate statement of the law.*

### III. PROXIMATE CAUSE

The Plaintiff must prove by a preponderance of the evidence that the Defendant's acts were the proximate cause of the deprivation of the Plaintiff's constitutional right to be free from retaliation for exercising his First Amendment rights. Proximate cause means that there must be a sufficient causal connection between the act or omission of the Defendant and any injury or damage sustained by the Plaintiff. An act or omission is a proximate cause if it was a substantial

6

factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the Defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of the Defendant's act or omission, it was proximately caused by such act or omission. In other words, if the Defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

*Source*:   Rivas v. City of Passaic, 365 F.3d 181, 193 (3d Cir. 2004)("[A] Section 1983 plaintiff must demonstrate that the defendant's actions were the proximate cause of the violation of his federally protected right").

**THIS PROPOSED INSTRUCTION IS AGREED UPON BY THE PARTIES.**

### IV. **DAMAGES**

*COMPENSATORY DAMAGES*

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Defendants should be held liable.

If you find any Defendant liable, then you must consider the issue of compensatory damages. You must award Plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of that Defendant's conduct.

Plaintiff must show that the injury would not have occurred without the Defendant's act or omission. Plaintiff must also show that the Defendant's act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the Defendant's act or omission. There can be more than one cause of an injury. To find that either Defendant's act or omission caused Plaintiff's injury, you need not find that the Defendant's act or omission was the nearest cause, either in time or space.

7

However, if Plaintiff's injury was caused by a later, independent event that intervened between the Defendant's act or omission and Plaintiff's injury, the Defendant is not liable unless the injury was reasonably foreseeable by that Defendant.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Plaintiff claims the following items of damages [include any of the following – and any other items of damages – that are warranted by the evidence and permitted under the law governing the specific type of claim]:

- Physical harm to Plaintiff during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that Plaintiff is reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.

- Emotional and mental harm to Plaintiff during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that Plaintiff is reasonably certain to experience in the future.

- The reasonable value of the medical [psychological, hospital, nursing, and similar] care and supplies that Plaintiff reasonably needed and actually obtained, and the present value of such care and supplies that Plaintiff is reasonably certain to need in the future.

- The reasonable value of property damaged or destroyed.

Each plaintiff has a duty under the law to "mitigate" his or her damages – that means that the plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the defendant. It is

Defendant's burden to prove that Plaintiff has failed to mitigate. So if the Defendants persuades you by a preponderance of the evidence that Plaintiff failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of Plaintiff's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

*Source*: Third Circuit Model Civil Jury Instructions
4.8.1 Compensatory Damages

***THIS PROPOSED INSTRUCTION IS AGREED UPON BY THE PARTIES.***

### *NOMINAL DAMAGES*

If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

*Source*: Third Circuit Model Civil Jury Instructions
4.8.2 Nominal Damages

***THIS PROPOSED INSTRUCTION IS AGREED UPON BY THE PARTIES.***

### *PUNITIVE DAMAGES*

In addition to compensatory or nominal damages, you may consider awarding Plaintiff punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where

appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.

You may only award punitive damages if you find that a particular Defendant acted maliciously or wantonly in violating Plaintiff's federally protected rights. In this case there are multiple defendants. You must make a separate determination whether the Defendant acted maliciously or wantonly.

- A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when he or she consciously desires to violate federal rights of which he or she is aware, or when he or she consciously desires to injure the plaintiff in a manner he or she knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

- A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that either Defendant acted maliciously or wantonly in violating Plaintiff's federal rights, then you may award punitive damages against that defendant. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive damages unless you have found that a Defendant acted maliciously or wantonly in violating Plaintiff's federal rights.

If you have found that a Defendant acted maliciously or wantonly in violating Plaintiff's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish the Defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent the Defendant from again performing any wrongful acts he or she may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those the Defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which the Defendant should be punished for his wrongful conduct toward Plaintiff, and the degree to which an award of one sum or another will deter the Defendant or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the Defendant's action. *For example, you are entitled to consider whether a defendant's act was violent or non-violent; whether the defendant's act posed a risk to health or safety; whether the defendant acted in a deliberately deceptive manner; and whether the defendant engaged in repeated misconduct, or a single act. You should also consider the amount of harm actually caused by the defendant's act, as well as the harm the defendant's act could have caused and the harm that could result if such acts are not deterred in the future.*

*Bear in mind that when considering whether to use punitive damages to punish a Defendant, you should only punish the Defendant for harming Plaintiff, and not for harming people other than Plaintiff. As I have mentioned, in considering whether to punish a Defendant, you should consider the nature of Defendant's conduct –in other words, how blameworthy that conduct was. In some cases, evidence that a Defendant's conduct harmed other people in addition to the plaintiff can help to show that the Defendant's conduct posed a substantial risk of harm to the general public, and so was particularly blameworthy. But if you consider evidence of harm a Defendant caused to people other than Plaintiff, you must make sure to use that evidence only to help you decide how blameworthy the Defendant's conduct toward Plaintiff was. Do not punish the Defendant for harming people other than Plaintiff.*

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources. Therefore, if you find that punitive damages should be awarded against any Defendant, you may consider the financial resources of that Defendant in fixing the amount of such damages.

*Source*:	Third Circuit Model Civil Jury Instructions
	4.8.3	Punitive Damages

**THIS PROPOSED INSTRUCTION IS NOT AGREED UPON BY THE PARTIES.**
> *Plaintiff objects to the inclusion of the highlighted section. However, this wording is included in the Third Circuit's Model Civil Jury Instructions and Defendants believe it is an accurate statement of the law.*

*ATTORNEY'S FEES AND COSTS*

You are further instructed that in assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and

not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

*Source*:      Third Circuit Model Civil Jury Instructions
               4.8.1   Compensatory Damages

***THIS PROPOSED INSTRUCTION IS AGREED UPON BY THE PARTIES.***

*RESPECTFULLY SUBMITTED,*

For the Plaintiff:                          For the Defendants:

   s/ Leticia C. Chavez-Freed                   s/ Scott A. Bradley
Leticia C. Chavez-Freed, Esquire            Scott A. Bradley, SDAG
The Chavez-Freed Law Office                 OFFICE OF THE ATTORNEY GENERAL
1515 Market Street, Suite 1200              1251 Waterfront Place
Philadelphia, PA 19102                      Mezzanine Level
                                            Pittsburgh, PA 15222

Date:  January 18, 2023