IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. PREZIOSI, | ) |
| | ) |
| Plaintiff, | )   2:20-CV-001163-PLD |
| | ) |
| vs. | ) |
| | ) |
| BRIAN MANSBERRY, et al. | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Presently pending is Plaintiff's Motion for Attorneys' Fees and Costs under 42 U.S.C. § 1988. For the reasons that follow, Plaintiff's motion will be granted in part and denied in part.

**I.   Relevant Procedural Background**

Plaintiff Daniel J. Preziosi commenced this civil rights action against various Department of Corrections employees in 2020. The First Amended Complaint, which was docketed in August 2021, named these defendants: Alan Morris, David Mansberry, Kelley Falcione, Charles Fowler, Brett Johnson, Michael Zaken, John E. Wetzel and Trevor A. Wingard. Both the original and amended complaints assert a single count against each defendant under 42 U.S.C. §1983 for violating Plaintiff's Eighth Amendment rights. The claims stemmed from Plaintiff's assault by his cellmate and alleged that the defendants failed to protect him from that assault.

After Defendants moved for summary judgment, the Court issued an opinion and order on August 22, 2022 (ECF 53) in which it granted summary judgment in favor of Defendants Morris, Zaken, Wetzel and Wingard.

The case then proceeded to a jury trial on January 23, 2023 on the Eighth Amendment claims against Mansberry, Falcione, Fowler and Johnson. After Plaintiff rested, Defendants made a Rule 50 motion with respect to Defendant Fowler which was granted. After the close of

Defendants' case, they made a second Rule 50 motion regarding Defendant Johnson which was also granted. The case then went to the jury, which returned a verdict in favor of Plaintiff and against Mansberry and Falcione and awarded him compensatory damages of $50,000.00 and punitive damages of $6,250.00 for a total award of $62,500.00. Judgment was subsequently entered in Plaintiff's favor.

Now pending is Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to 42 U.S.C. § 1988 and supporting memorandum (ECF 90, 91). Defendants have filed a Response in Opposition (ECF 95) and Plaintiff has submitted a Reply Brief (ECF 96). Thus, this matter is fully briefed.

As discussed below, Plaintiff's motion will be granted in part and denied in part.

II.   **Discussion**

   A.   **Attorneys' Fees**

The parties agree that 42 U.S.C. § 1988 permits a prevailing plaintiff in a civil rights case to recover a reasonable attorney's fee in a civil rights case unless special circumstances exist. *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Defendants do not dispute that Plaintiff is entitled to an award of attorneys' fees. However, they assert that some of the requested fees should be excluded or reduced.

Plaintiff seeks attorneys' fees in the amount of $66,745.00 for his counsel's efforts and an additional $9,549.00 for the work of counsel's paralegal. In support, Plaintiff has submitted, among other things, the Affidavit of his attorney, Leticia Chavez-Freed, which provides her background, training and experience, the nature of her civil rights practice and her use of a billable rate of $350.00 per hour in non-contingent matters. Her affidavit attaches Exhibit E, which is a summary of the work performed and the time expended for each task.

1. <u>Lodestar calculation</u>

Courts in the Third Circuit use the "lodestar" method to assess a reasonable attorneys' fee. *See Maldonado v. Houston,* 256 F.3d 181, 184 (3d Cir. 2001). This method "requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Id.* Plaintiff used this method by providing a summary of the work performed and the number of hours expended on such work and then multiplying these hours by an hourly rate of $350.00.

While ordinarily the Court would determine whether the hourly rate that was used is reasonable, it is unnecessary to do so here. As Defendants note, the Prison Litigation Reform Act ("PLRA"), which applies to Plaintiff's Eighth Amendment claims, imposes certain limitations on a fee calculation under 42 U.S.C. § 1988 for prisoners confined to a correctional facility who prevail in federal court for monetary relief. *Parker v. Conway,* 581 F.3d 679, 683 (3d Cir. 1999). With respect to the hourly rate, the PLRA places a cap on the hourly rate that can be used, stating that "[n]o award of attorneys' fees. . . shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). The Third Circuit has noted that this provision limits the hourly rate to that "not greater than 150% of the hourly rate for court-appointed counsel established under the Criminal Justice Act ["CJA"] in the applicable district." *Collins v. Montgomery Bd. of Prison Inspectors,* 176 F.3d 679, 683 (3d Cir. 1999).

Noting that there is a conflict about the hourly rate that is referenced in the PLRA, Defendants have calculated the reduction in the hourly rate based on the hourly rates paid to assigned criminal defense attorneys pursuant to congressional appropriation. Defendants provide a chart (ECF 95, p. 9) that summarizes, for the years 2020 through 2023, the attorney hours reflected in Exhibit E, the CJA rate for each of these years, and the calculation, by year, of the

3

hours times the respective rates. Using this approach, the total amount of attorneys' fees is $43,447.50.

In his reply brief, Plaintiff states that he "agrees that counsel's hourly rate should be reduced consistent with the PLRA. *See* ECF at 8-9 (Defendants' argument and table)." (ECF 96, p. 3.) Plaintiff does not offer an alternative calculation nor does he dispute the use of the CJA hourly rates or the total fees calculated by Defendants. Therefore, this analysis will proceed based on a starting point of $43,447.50 in attorneys' fees.

2. Exclusion of certain fees

Defendants assert that certain fees incurred in the following categories should be excluded: (1) fees related to Plaintiff's expert; (2) fees related to the amended complaint; and (3 fees incurred in responding to Defendants' motion for summary judgment.

a. Expert report

Plaintiff retained Richard Subia as an expert. In part, his expert report opined about the potential liability of Wetzel, Zaken and Wingard (the "Supervisory Defendants"), who were added as defendants in the Amended Complaint but later obtained summary judgment in their favor.[1] Moreover, Defendants' motion in limine to exclude Mr. Subia's testimony at trial was granted. Thus, according to Defendants, Plaintiff should not recover for attorney work associated with securing an expert report because the report did not contribute to the verdict or any favorable ruling.

Plaintiff disputes Defendants' contention, noting that Mr. Subia was not excluded until just before trial and provided substantial assistance throughout the course of this case. As Plaintiff's counsel conceded at the pretrial conference, however, Mr. Subia expressed no admissible expert

---

[1] Summary judgment was also entered in favor of Defendant Morris, whose involvement was limited to investigating a PREA complaint after the incident.

opinions about the four defendants who were not dismissed prior to trial. Therefore, the attorney work reflected in 2023, that is, the entries associated with responding to the motion in limine (January 10, 2023), review of Defendants' response to Plaintiff's brief (January 10, 2023) and reviewing the order granting the motion in limine (January 18, 2023), totaling 1.8 hours, will be excluded from the attorneys' fees that will be awarded.

At the same time, the Court will not reduce the remaining work associated with the expert that was performed in 2021. The records submitted by Plaintiff note conferences with him prior to the amendment of the complaint which resulted in the joinder of the Supervisory Defendants. Summary judgment was granted in favor of the Supervisory Defendants based on Plaintiff's failure to exhaust administrative remedies. Thus, whether the opinions expressed in the report regarding these defendants otherwise would have led in a different result cannot be ascertained. Moreover, Plaintiff represents that Mr. Subia provided assistance regarding matters relevant to the underlying lawsuit.

Therefore, the total attorneys' fees in this category will be reduced by $418.50 (1.8 hours times $232.50).

            b. Fees associated with Amended Complaint

Because the amendment of the complaint appears to have been made in good faith based on input from an expert witness and the merits of the claims against the Supervisory Defendants were never evaluated on the merits due to Plaintiff's failure to exhaust, the Court will not reduce the attorneys' fees for work associated with the amendment.

          c. Fees associated with the motion for summary judgment

Defendants' motion for summary judgment sought judgment on behalf of all defendants but relief was only granted with respect to the Supervisory Defendants. Since it is impossible to

determine how much time was spent by Plaintiff's counsel on issues related to the Supervisory Defendants, any reduction of counsel's fees would be arbitrary. Therefore, there will be no reduction of the fees associated with these efforts.

### 3. Prevailing Party

Defendants next assert that because Plaintiff only achieved partial success, his attorneys' fees should be reduced by 40%. *See Hensley*, 461 U.S. at 436. As noted by the Third Circuit in *McKenna v. City of Phila.,* 582 F.3d 447, 457 (3d Cir. 2009), however, "[c]ourts should not reduce fees simply because some of the prevailing party's *related* claims are unsuccessful" (emphasis in original) (quoting *Hensley*, 461 U.S. at 434-35). "For example, where a plaintiff's claims involve 'a common core of facts' or are based on 'related legal theories, . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.'" *McKenna,* 582 F.3d at 457 (quoting *Hensley*, 461 U.S. at 435).

As Defendants acknowledge, a common core of facts existed with respect to all defendants and the time entries submitted by Plaintiff do not permit the Court to determine work that was performed solely related to the Supervisory Defendants. The same is true with respect to Defendant Fowler, who was dismissed after the close of Plaintiff's case, and Defendant Johnson, who was dismissed at the close of all the evidence. At trial, Plaintiff obtained a verdict in his favor as to the two of the four remaining defendants at trial. Thus, it is difficult to divide attorney time on a claim-by-claim basis.

It is evident that Plaintiff was only partially successful in his claims. Taking into account the Court's previous discussion about the reduction of fees and considering all the factors relevant to this determination, including the dismissal at trial of two of the defendants, recoverable fees will be reduced by 25%.

4. Paralegal Time

Plaintiff also seeks $9,549.00 for work performed by a paralegal.[2] Defendants do not dispute the paralegal's hourly rate of $90.00 per hour, but ask for similar reductions of paralegal work related to amending the complaint, summary judgment and for retention of an expert. For the reasons articulated above, the Court declines to deduct any fees associated with paralegal work.

B. **Expenses**

The Court has reviewed the litigation expenses submitted by Plaintiff. He concedes that the cost of a rental car for the period of January 16 to January 21, 2023 in the amount of $2,932.34 is not subject to reimbursement. Thus, this amount will be deducted.

Defendants contend that Plaintiff's hotel expense is excessive. They assert that Plaintiff's counsel and paralegal stayed in a luxury downtown hotel and that an internet search for a comparable period found several downtown hotels with nightly rates well under $200. Plaintiff notes that it was necessary to book the hotel in advance at a location convenience to the Courthouse, and that the cost of a hotel depends on factors such as booking in advance, length of stay and demand.

The Court has not been presented with any evidence about the rates at other hotels in late January 2023 or what effect, if any, booking in advance may have had on the rate. Because the Court is unable to ascertain what rates at other downtown hotels may have been at the time, and because of its assessment that the rates are not unreasonable, the expenses related to the hotel stay will not be reduced.

Finally, given the conclusions reached regarding Plaintiff's expert, Defendants' request to deduct the expenses associated with the expert report will be denied.

---

[2] The work of paralegals is considered part of attorneys' fees under Section 1988 and can be compensated as such. *Missouri v. Jenkins,* 491 U.S. 274 (1989).

### C. **Summary of Deductions**

The attorneys' fees of $43,447.40, calculated pursuant to the PLRA, will be reduced by $418.50, resulting in fees of $43,028.90. Once paralegal fees of $9,549.00 are added, the total attorneys' fees are $52,577.90. After applying a reduction of 25% as discussed above, recoverable attorneys' fees total $39,433.43. The requested expenses of $16,160.00 will be reduced by $2,932.34, resulting in a revised total of $13,227.66.

### D. **Plaintiff's Contribution**

Under the PLRA, Plaintiff is required to contribute a portion of the verdict to any award of attorneys' fees. 42 U.S.C. §1997e(d)(2). A portion of the judgment not to exceed 25% must be applied to satisfy the attorneys' fees that are awarded. *Id.*

Plaintiff obtained a jury verdict of $62,500.00. Twenty-five percent of the verdict is $15,625.00, and this amount must first be applied to the jury's award in order to satisfy a portion of the attorneys' fees of $39,433.43. That reduces the judgment payable to Plaintiff to $46,875.00, with Defendants responsible for the remaining attorneys' fees of $23,808.43 and expenses of $13,227.66, as outlined in this opinion.

### **ORDER**

And now, this 12th day of April, 2023, it is hereby ORDERED as follows:

1. Defendants may satisfy the judgment in this matter by the payment of the sum or $46,875.00 to Plaintiff; and

2. Defendants shall pay to Plaintiff's counsel the sum of $23,808.43 in attorneys' fees and the sum of $13,227.66 in litigation expenses within thirty days of the date of this order.

BY THE COURT:

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge